ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
JAN 0 9 2003
LUTHER ... , Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JEFFREY A. BRYAN, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. |
| | 1:02-CV-2492-BBM |
| MARGARET H. MURPHY, THOMAS W. THRASH, | |
| Defendants. | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Plaintiff filed his complaint on September 10, 2002, alleging that defendants Murphy and Thrash violated his civil rights while adjudicating his bankruptcy case. On November 18, 2002, defendants filed, in lieu of an answer, a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (hereinafter referred to as "Motion to Dismiss") pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. On November 19, 2002, the Clerk of Court entered on the docket and mailed to plaintiff a Notice of Motion for Summary Judgment. The notice stated therein that plaintiff had twenty (20) days to respond to the motion. On December 27, 2002, plaintiff filed a Motion to Strike the



Defendant's Answer and Defendant's Motion to Dismiss.[1]

### A. Plaintiff's Motion to Strike is Actually an Untimely Response to Defendants' Motion to Dismiss

Even a cursory reading of plaintiff's Motion to Strike reveals that the motion is in essence a response to defendants' Motion to Dismiss. Specifically, plaintiff does not identify any redundant, immaterial, impertinent or scandalous matter or any other matter that might be relevant to a Motion to Strike as described by Fed. R. Civ. P. 12(f). On the contrary, plaintiff's entire "motion" addresses the specific arguments made by defendants' in their Motion to Dismiss. Although the title plaintiff chooses for his pleadings may provide some guidance to the court, it should by no means determinative of actual nature of the filing. See e.g., Lundgren v. McDaniel, 814 F.2d 600, 604 (11th Cir. 1987) ("although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction"). Because plaintiff's Motion to Strike is in actuality a response, it should be governed by the local rules applicable to responses to motions.[2]

---

[1] Because defendants filed a 12(b) motion in lieu of an answer, plaintiff's attempt to strike the answer is a nullity.

[2] In the event that the court treats plaintiff's Motion to Strike as a response to defendants' Motion to Dismiss,

2

Local Rule 7.1B of the Northern District of Georgia provides that a response to a Motion for Summary Judgment must be filed within twenty (20) days after service of the motion. Defendants filed their motion on November 18, 2002. Plaintiff filed his response 40 days later on December 27, 2002. Even allowing a reasonable time for service of the Motion to Dismiss, plaintiff's response is untimely. Plaintiff should not be allowed to circumvent the 20 day time period by calling his response a Motion to Strike. Accordingly, the court should not consider plaintiff's response.

### B. Plaintiff's Arguments Have No Merit

Plaintiff's first argument that the U.S. Attorney's office cannot represent federal judges because of the separation of powers doctrine is totally without merit. None of the cases cited by plaintiff on page 6 of his brief stand for this proposition. The authority to conduct litigation in which the United States, its agencies or officers are a party is reserved solely to the Department of Justice under the direction of the Attorney General. 28 U.S.C. § 516. The Department of Justice has expressly authorized the United States Attorney's Office to represent the

---

defendants' response, herein, should be treated as a Reply Brief in Support of Defendants' Motion to Dismiss.

3

defendant federal judges. Therefore, plaintiff's argument is without merit.

In the remainder of his brief, plaintiff essentially agrees that defendants have absolute immunity from both damages and declaratory relief. Although plaintiff is not satisfied with this result, he does not dispute that the law affords defendants with immunity.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment should be granted. Also, if the court considers plaintiff's filing as a Motion to Strike, it should be denied.

Respectfully submitted,

WILLIAM S. DUFFEY, JR.
UNITED STATES ATTORNEY

LISA D. COOPER
ASSISTANT U.S. ATTORNEY

600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 581-6249
Ga. Bar No. 186165

4

CERTIFICATE OF SERVICE

I certify that I have this day served this <u>Response to Plaintiff's Motion to Strike Defendant's Answer and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment</u> by depositing a copy thereof in the United States Mail and addressed as follows:

>Jeffrey A. Bryan
>Post Office Box 13287
>Atlanta, GA 30324

This 9th day of January, 2003.

LISA D. COOPER
Assistant U.S. Attorney

5