UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 3 2003

LUTHER D. THOMAS, Clerk
By C.M. _____ Deputy Clerk

| | |
|---|---|
| JEFFREY A. BRYAN, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:02-CV-2492-BBM |
| MARGARET H. MURPHY, THOMAS W. THRASH, WILLIAM S. DUFFEY, JR., and MELANIE D. WILSON, | |
| Defendants. | |

### ORDER

This action, alleging various constitutional violations, is before the court on Margaret H. Murphy and Thomas W. Thrash's motion to dismiss [Doc. No. 4-1], or, in the alternative, for summary judgment [Doc. No. 4-2], and Jeffrey A. Bryan's motion to strike the defendants' motion to dismiss [Doc. No. 7-1].

### I. Factual and Procedural Background

In his complaint, Jeffrey A. Bryan ("Bryan"), proceeding *pro se*, contends that United States Bankruptcy Judge Margaret H. Murphy ("Murphy") and United States District Judge Thomas W. Thrash ("Thrash") violated his civil rights while adjudicating his bankruptcy case. Specifically, Bryan alleges that his bankruptcy attorneys lied about a $30,000.00 fee he paid them, in order to ensure that the funds were excluded from Bryan's bankruptcy estate. After discovering his attorneys'



fraud, Bryan allegedly reported the issue to Murphy. Although Bryan made Murphy aware of his attorneys' bad behavior, she did not investigate the issue. Instead, Bryan believes that Murphy "took affirmative acts and actions to aid and abet [his attorneys] from having legal or financial liability for their false statements." She took these actions, according to Bryan, "to ensure that the legal licenses and professional standing of [his attorneys] would not be placed at risk or jeopardy because of their conduct." Bryan asserts that Murphy was interested in protecting his bankruptcy attorneys "because they are member[s] of the legal profession, which is more commonly known as the Great Legal Church because of its conduct of protecting its brothers and sisters of the legal cloth from claims which may or might reflect against the legal and judicial community."

Faced with this conspiracy between Murphy and his bankruptcy attorneys, Bryan decided to appeal Murphy's decision to the district court. The appeal was assigned to Thrash. However, instead of an independent review of Bryan's allegations, Bryan contends that Thrash continued the conspiracy. Through conversations with Murphy, Thrash purportedly "decided and entered into an agreement to throw [Bryan's] bankruptcy appeal case" in order to protect the wrongdoing of Murphy and his bankruptcy attorneys.

Given the corruption of Murphy and Thrash, Bryan decided to file the instant lawsuit against them. His original complaint alleges four causes of action, including violation of Bryan's civil rights and conspiracy to deprive Bryan of his civil rights. In response, Assistant United States Attorney Melanie D. Wilson ("Wilson") and United States Attorney William S. Duffey, Jr. ("Duffey") filed a motion to dismiss on behalf of the judges. Thereafter, without leave of court, Bryan amended his complaint, adding Wilson and Duffey as defendants. According to the amended complaint, Wilson and Duffey, by representing the judges, knowingly "violated their oath of office and the separation of powers doctrine so as to aid and [a]bet [the judges] in furtherance of their illegal and improper conduct." As such, Bryan believes that Wilson and Duffey also violated his civil rights.

Relying on 42 U.S.C. § 1983 and the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984), Bryan asks the court for both declaratory and injunctive relief. Namely, Bryan requests that Murphy and Thrash be enjoined from participating in lawsuits involving Bryan and any other *pro se* litigant. He also asks the court to remove Murphy and Thrash from office and declare that the judges committed the alleged wrongs. Regarding Duffey and Wilson, Bryan asks the court to declare that these United States Attorneys engaged in wrongful conduct. He also asks the court to enjoin them "from representing government employees of any

branch of the United States government who have been accused of illegal or violative conduct." Finally, Bryan asks for the costs of prosecuting this cause of action.

In light of this factual and procedural background, the court now considers the judges' motion to dismiss [Doc. No. 4-1] and Bryan's motion to strike [Doc. No. 7-1].

## II. Discussion

To begin with, the court notes that Bryan mistakenly designates the action in his complaint as an action pursuant to 42 U.S.C. § 1983. Because all of the named defendants are federal employees, they are acting under color of federal law, not state law. Accordingly, the constitutional violations in the complaint are more properly characterized as alleging direct constitutional tort claims under Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This distinction is important, as the Eleventh Circuit provides different immunities for federal and state judges. See Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000).

### A. Absolute Judicial Immunity

In their motion to dismiss, Murphy and Thrash assert that they are entitled to absolute judicial immunity against Bryan's claims for damages, costs, and equitable relief. Bryan "has not challenged the judicial immunity of the Defendants."

-4-

Pl.'s Mot. to Strike, p. 7. He admits that "[t]he Eleventh Circuit in Bolin ... has ruled that there are no legal avenues available to parties seeking injunctive relief against the federal judiciary." Pl.'s Mot. to Strike, p. 11. However, Bryan contends that the judges do not enjoy immunity from his claims for declaratory relief, and he contends that the rationale supporting the Eleventh Circuit's protection of the federal judiciary "is inherently flawed."[1]

Judges are absolutely immune from civil liability for damages for acts taken in their judicial capacity. Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 347 (1872); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotations omitted). As early as 1872, the Supreme Court

---

[1] The court notes that Bryan's motion to strike is, in essence, a response to the judges' motion to dismiss, or, in the alternative, for summary judgment. See Lundgren v. McDaniel, 814 F.2d 600, 604 (11th Cir. 1987) (stating that "although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction"). Although it is a response to the judges' motion, Bryan's response was filed thirty-nine days after Murphy and Thrash's motion. As such, under Local Rules 7.1 and 7.2, the motion was untimely filed, and the court could decline to consider Bryan's motion in its entirety. Despite this authority, the court exercises its discretion under Rule 7.1(F) to address Bryan's concerns. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (requiring courts to construe submissions of *pro se* litigants liberally).

recognized that broad protection was necessary for the American judiciary. Bradley, 80 U.S. at 347. The Court found that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. The Court reasoned that "[l]iability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful." Id. Over one hundred years later, addressing concerns similar to Bryan's, the Supreme Court noted that judicial immunity "is not for the protection of the corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences." Pulliam, 466 U.S. at 532. Therefore, to ensure the proper independence of the judiciary, federal judges cannot be sued for money damages.

In Bolin v. Story, the Eleventh Circuit considered whether to extend the immunity of federal judges to cover claims for injunctive and declaratory relief. 225 F.3d at 1240-41. After being convicted of various crimes, the Bolin plaintiffs filed a civil rights action against numerous judges. Id. at 1236. The plaintiffs sought

injunctive and declaratory relief. Id. Importantly, the plaintiffs relied on the Supreme Court's decision in Pulliam v. Allen, 466 U.S. at 522, where the Court allowed claims for prospective injunctive relief to proceed against a state magistrate judge under section 1983. However, in Bolin, the Eleventh Circuit found that the Pulliam exception to absolute immunity for state judges should not apply to federal judges. "After considering both sides of the issue," the Eleventh Circuit held that "the stronger argument favors the grant of absolute immunity to the defendant federal judges in this case." Bolin, 225 F.3d at 1242. Accordingly, the Eleventh Circuit granted the federal judges' motion to dismiss as to all claims. Id. at 1243.

While Bolin is determinative of the claims before the court, Bryan expresses serious concerns about the integrity of the federal judiciary in his motion to strike. He states that he "is absolutely aware that [] in no time in the foreseeable future [will judges] ever be held accountable for corruption while wearing their judicial robes while acting in their judicial capacity." Pl.'s Mot. to Strike, p. 7. In light of this statement, the court feels compelled to note that, although federal judges cannot be sued for acts taken in their judicial capacity, they are not free to engage in corruption at will. Inferior federal judges, such as magistrate and district court judges, are

always subject to appellate review. Decisions must follow the existing law, or they will be reversed. Rather than consistently pandering to decisions made by lower federal courts, the Courts of Appeals regularly overturn district court opinions, remanding the cases for further consideration.

Moreover, corruption cannot run rampant among federal judges, as specific procedures exist for the public to lodge complaints about federal judges. See 28 U.S.C. § 372(c). These complaints are reviewed and investigated, with appropriate action being taken on sustained complaints. Id. Serious misbehavior by judges is handled through the impeachment process. See Nixon v. United States, 506 U.S. 224 (1993) (upholding federal judge's impeachment and removal from office). The impeachment process is imbedded in the Constitution of the United States, and the Founders of this nation intended it to be the mechanism by which the public is protected from corrupt federal officials. See U.S. Const. Art. I, §§ 2-3. Through these channels, federal judges are held accountable for corrupt behavior. Contrary to Bryan's assertions, this court need not expose federal judges to lawsuits for monetary and equitable relief in order to combat judicial corruption.

Because Bolin v. Story is directly on point, this court is constrained to apply the precedent to the facts of this case. Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1287 (11th Cir. 1998) (stating that "district court was bound by Eleventh Circuit precedent" even though district court would have preferred a different outcome). Federal judges in the Eleventh Circuit are absolutely immune from the types of claims asserted by Bryan.[2] Therefore, the court GRANTS the judges' motion to dismiss [Doc. No. 4-1].

### B. Claims Against United States Attorneys

On December 27, 2002, Bryan amended his complaint, adding Wilson and Duffey as defendants. Bryan asserts that Wilson and Duffey violated their oath of office by representing federal judges accused of unlawful behavior. He also argues that Wilson and Duffey's representation of Murphy and Thrash violates the separation of powers doctrine, since Wilson and Duffey are members of the executive branch, and Murphy and Thrash are members of the judicial branch. For the claims against Wilson and Duffey, Bryan seeks to recover costs, as well as injunctive and

---

[2] Even without absolute immunity, Bryan's claims for declaratory and injunctive relief would fail because he cannot establish the prerequisites to granting such relief as articulated by the Eleventh Circuit in Bolin, 225 F.3d at 1242.

declaratory relief.[3]

In addition to federal judges, the "Supreme Court has extended absolute immunity to various participants in the judicial process, whose duties are deemed vital to the administration of justice." Moore v. Schlesinger, 150 F. Supp. 2d 1308, 1311 (M.D. Fla. 2001). To act independently and effectively, these officials, like judges, must be free from fear and harassment. Id. Thus, absolute immunity has been extended to prosecutors, legislators, the President of the United States, and executive officers engaged in adjudicative or quasi-judicial functions. Nixon v. Fitzgerald, 457 U.S. 731 (1982); Butz v. Economou, 438 U.S. 478 (1978); Imbler v. Pachtman, 424 U.S. 409 (1976); Eastland v. United States Servicemen's Fund, 421 U.S. 491 (1975). In each of these contexts, absolute immunity is a question of law for the court to decide. Brown v. Crawford County, Ga., 960 F.2d 1002, 1012 (11th Cir. 1992).

Although the Eleventh Circuit has not addressed the issue, various courts have also extended immunity to government attorneys defending the government and its officials. See, e.g., McConnell v. King, 42 F.3d 471 (8th Cir. 1994); Fry v. Melaragno, 939 F.2d 832 (9th Cir. 1991); Murphy v. Morris, 849 F.2d 1101 (8th Cir.

---

[3] The court notes that it is not clear if Bryan also seeks money damages from Wilson and Duffey. In his mandatory disclosures [Doc. No. 2-1], Bryan states that he has suffered damages. In an effort to fully resolve the issues before the court, the court addresses the issue of damages also.

-10-

1988); Pryzina v. Ley, 813 F.2d 821 (7th Cir. 1987); Barrett v. United States, 798 F.2d 565 (2d Cir. 1986); Moore, 150 F. Supp. 2d at 1313-14. For example, in Barrett v. United States, the Second Circuit found that an assistant attorney general was entitled to immunity from suit for actions taken during the defense of a wrongful death action. 798 F.2d at 569-70. In reaching this conclusion, the Second Circuit reasoned that "since he is charged with a public trust he should not be inhibited in the faithful performance of his duties by the threat of harassing lawsuits against him." Id. at 572. The assistant attorney general's "function as a government advocate therefore entitles him to absolute immunity, which is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'" Id. (quoting Butz, 438 U.S. at 512).

In the instant case, Bryan had no claim against Wilson and Duffey until they filed a response, on behalf of the judges, to Bryan's complaint. The United States Attorneys took no other action in this case. Hence, Bryan's allegations are clearly premised upon Wilson and Duffey's performance of their duty to defend Murphy and Thrash. As United States Attorneys, Wilson and Duffey were charged with defending the public interest in Bryan's civil suit. See Moore, 150 F. Supp. 2d at 1313. As government advocates, Wilson and Duffey should not face the threat of

liability for the fulfillment of their duties. Id. Accordingly, the court believes that Wilson and Duffey are entitled to immunity from liability for damages based on their actions in defending Murphy and Thrash. See Bolin, 225 F.3d at 1242-43.

Bryan also seeks declaratory and injunctive relief against Wilson and Duffey. "[T]o receive declaratory or injunctive relief, plaintiffs must establish that there was a violation [of the law], that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Id. at 1242. For his claims against Wilson and Duffey, Bryan cannot establish any of these prerequisites.

First, Wilson and Duffey have not violated any law in their representation of Murphy and Thrash. Id. Although Bryan contends that United States Attorneys "cannot legally represent the judges . . . in this case, 28 U.S.C. § 516 provides otherwise. . . ." Miller v. Johnson, 541 F. Supp. 1165, 1172 (D. D.C. 1982). Section 516 states that "the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516; see also 28 U.S.C. § 2679(c) (requiring the Attorney General to defend federal employees, including judges, in tort actions). Accordingly, by law, United States Attorneys are required to defend

-12-

federal judges. Various courts have recognized this proposition, and the Supreme Court has never questioned the constitutionality of 28 U.S.C. § 516. See, e.g., United States v. Armstrong, 517 U.S. 456, 464 (1996) (stating that United States Attorneys are designated by section 516 to aid the President in his faithful execution of the laws); United States v. Providence Journal Co., 485 U.S. 693 (1988) (discussing section 516 extensively and never suggesting it is unconstitutional); Christensen v. Ward, 916 F.2d 1462, 1484 (10th Cir. 1990) (stating that "United States Attorneys . . . have statutory authority to represent federal judges, officers and agencies in actions brought against them as individuals"); In re Horstman, No. 7-85-0186, 1997 WL 266759, at *15 (Bankr. D. N.M. May 16, 1997) (discussing the "well-accepted practice and necessity of federal attorneys to represent [federal officers]"); Miller, 541 F. Supp. at 1172. Therefore, Wilson and Duffey violated no law or constitutional provision in their representation of Murphy and Thrash. Instead, they merely fulfilled their duties under the law. As such, Bryan's claims for injunctive and declaratory relief are without merit.

Similarly, Bryan cannot show that there is a "serious risk of continuing irreparable injury if the [declaratory or injunctive] relief is not granted." Bolin, 225 F.3d at 1242. Based on the court's disposition of Murphy and Thrash's motion,

-13-

Bryan's lawsuit will be dismissed upon the issuance of this order. At that point, Wilson and Duffey will no longer be representing the judges and, therefore, they will no longer be committing those acts which Bryan contends to be violations of their oath of office and the separation of powers doctrine. There is no indication that Wilson and Duffey are involved in Bryan's other lawsuits pending before this court. Moreover, if Bryan genuinely believes that Wilson and Duffey have acted inappropriately, he can lodge complaints through the proper professional channels.

Accordingly, Bryan cannot establish the prerequisites for injunctive or declaratory relief. Bolin, 225 F.3d at 1242. Because there is no violation of the law or continuing irreparable injury, Bryan's claims for equitable relief against Wilson and Duffey must fail. Moore, 150 F. Supp. 2d at 1314. Therefore, the court DISMISSES the claims against Wilson and Duffey.

III. Summary

For the foregoing reasons, Margaret H. Murphy and Thomas W. Thrash's motion to dismiss is GRANTED [Doc. No. 4-1], and the alternative motion for summary judgment [Doc. No. 4-2] is DENIED AS MOOT. Likewise, Jeffrey A. Bryan's motion to strike the defendants' motion [Doc. No. 7-1] is DENIED. This case is hereby DISMISSED.

SO ORDERED, this 11th day of January, 2003.

_____
BEVERLY B. MARTIN
United States District Judge