IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY A. BRYAN,

    Plaintiff,

vs.

MARGARET H. MURPHY,
THOMAS W. THRASH,
WILLIAM S. DUFFEY, JR.,
MELANIE D. WILSON,

    Defendants.

CIVIL ACTION NO.
1:02-CV-2492 BBM

## MOTION FOR REVIEW AND RECONSIDERATION
## OF THE COURT'S DISMISSAL OF PLAINTIFF'S COMPLAINT

**COMES NOW S JEFFREY A. BRYAN**, Plaintiff In Propria Persona and pursuant to Rule 60 of the Federal Rules of Civil Procedures and tenders Plaintiff's Motion for Review and Reconsideration of the Court's Dismissal of Plaintiff's Complaint and shows the Honorable Court as follows:

### I. Pertinent Factual Background

Plaintiff filed the above-styled cause of action against Margaret H. Murphy(hereinafter referred to as Defendant Murphy), United States Bankruptcy Court Judge and Thomas W. Thrash (hereinafter referred to as Defendant Thrash), United States District Court Judge, for their continuing corruption while acting in their

1

official judicial capacity.

After the Defendants were served, low and behold William S. Duffy, Jr., United States Attorney for the Northern District of Georgia, by and through Melanie D. Wilson, Assistant U.S. Attorney, filed a motion to dismiss. Nowhere in said motion did said federal attorneys invoke any statutory right to appear and represent Defendant Murphy and Thrash.

Plaintiff filed a motion to strike their answer and amended Plaintiff's complaint against Murphy and Thrash to also include William S. Duffy, Jr. (hereinafter referred to as Defendant Duffy), United States Attorney for the Northern District of Georgia, and Melanie D. Wilson (hereinafter referred to as Defendant "Wilson"), Assistant U.S. Attorney, for violating their oath of office.

Notwithstanding the fact that Plaintiff tendered Plaintiff's Amended Complaint to include Defendant Duffy and Wilson, the Court dismissed Plaintiff's Complaint and Amended Complaint.

## II. A Rose is a Rose, by Another Name is a Rose Legal Argument

Plaintiff filed the Motion to Strike the Defendants' Motion to Dismiss, based upon the legal lack of standing by Defendant Duffy and Wilson, to enter and represent Defendants Murphy and Thrash.

Absolutely nothing in the Defendants' motion to dismiss contained absolutely

anything about invoking Title 28 U.S.C. § 516, for the legal authority to enter into the above-styled cause of action for the representation of the Defendant Murphy and Thrash. Likewise, neither Defendant Duffy, Wilson, nor Assistant U.S. Attorney Cooper, has advanced Title 28 U.S.C. § 518, in support of such representation. While Assistant U.S. Attorney Cooper, in behalf of the Defendants, has claimed "[T]he Department of Justice has expressly authorized the United States Attorney's Office to represent defendant federal judges," she did not attached any such documentation supporting that legal claim, nor shown any documentation which has authorized Defendant Duffly and Cooper to represent Defendants Murphy and Thrash in the instant case other than to claims that they received such authority from the Attorney General of the United States and/or the United States Department of Justice. Instead, Defendants Duffy and Cooper have advanced such legal and lawful authority only, and limited, pursuant to 28 U.S.C. § 516.

28 U.S.C. § 516, states:

> Conduct of litigation reserved to Department of Justice
> Except as otherwise authorized by law, the conduct of litigation in which the **United States, an agency, or officer thereof is a party**, or is interested, and securing evidence therefor, is **reserved to officers of the Department of Justice**, under the direction of the Attorney General.
>
> (Added Pub.L. 89-554, Sec. 4(c), Sept. 6, 1966, 80 Stat. 613.) Historical and Revision Notes Derivation U.S. Code Revised Statutes and Statutes at Large 5 U.S.C. § 306. R.S.

3

> Sec. 361. Sept. 3, 1954, ch. 1263, Sec. 11, 68 Stat. 1229.
>
> The section is revised to express the effect of the law. As **agency heads** have long employed, with the approval of Congress, **attorneys to advise them in the conduct of their official duties**, the first 56 words of R.S. Sec. 361 and of former section 306 of title 5 are omitted as obsolete. The section concentrates the authority for the conduct of litigation in the Department of Justice. The words "Except as otherwise authorized by law," are added to provide for existing and future exceptions (e.g., section 1037 of title 10). The words **"an agency"** are added for clarity and to align this section with section 519 which is of similar import. The words "as such officer" are omitted as unnecessary since it is implied that the officer is a party in his official capacity as an officer. So much as prohibits the employment of counsel, other than in the Department of Justice, to conduct litigation is omitted as covered by R.S. Sec. 365, which is codified in section 3106 of title 5, United States Code. SECTION REFERRED TO IN OTHER SECTIONS This section is referred to in title 7 section 7516; title 12 section 4243; title 19 section 2350; title 31 section 3718; title 38 sections 3730, 5316; title 42 section 1785. (Emphasis Added).

<u>Unless</u> the signs on the doors of Defendant Murphy and Thomas are inaccurate, both Defendants are members of the Judicial Branch of the United States Government and neither are members of "an agency" of the United States government, as defined pursuant to 28 U.S.C. § 516. While 28 U.S.C. § 516, refers to 28 U.S.C. § 519, a review of that statutory language even further legally drowns the claims by Defendant Duffy, Wilson, as made, by and through Assistant U.S. Attorney Cooper.

In other words, the review of 28 U.S.C. § 519, clearly and absolutely reveals

4

that there is no basis for the United States Attorneys Office to enter and defend the instant judges. Under Title 28 U.S.C. § 519, Section 6., it states:

### Sec. 6. Definitions.

For purposes of this order: (a) The term "**agency**" shall be defined as that term is defined in section **105 of title 5,** United States Code. (b) The term "litigation counsel" shall be defined as the trial counsel or the office in which such trial counsel is employed, such as the United States Attorney's Office for the district in which the litigation is pending or a litigating division of the Department of Justice. Special Assistant United States Attorneys are included within this definition. Those agencies authorized by law to represent themselves in court without assistance from the Department of Justice are also included in this definition, as are private counsel hired by any Federal agency to conduct litigation on behalf of the agency or the United States. Sec. 7. No Private Rights Created. This order is intended only to improve the internal management of the executive branch in resolving disputes, conducting litigation in a reasonable and just manner, and reviewing legislation and regulations. This order shall not be construed as creating any right or benefit, substantive or procedural, enforceable at law or in equity by a party against the United States, its agencies, its officers, or any other person. This order shall not be construed to create any right to judicial review involving the compliance or noncompliance of the United States, its agencies, its officers, or any other person with this order. Nothing in this order shall be construed to obligate the United States to accept a particular settlement or resolution of a dispute, to alter its standards for accepting settlements, to forego seeking a consent decree or other relief, or to alter any existing delegation of settlement or litigating authority. Sec. 8. Scope. (a) No Applicability to Criminal Matters or Proceedings in Foreign Courts. This order is applicable to

civil matters only. It is not intended to affect criminal matters, including enforcement of criminal fines or judgments of criminal forfeiture. This order does not apply to litigation brought by or against the United States in foreign courts or tribunals. (b) Application of Notice Provision. Notice pursuant to subsection (a) of section 1 is not required (1) in any action to seize or forfeit assets subject to forfeiture or in any action to seize property; (2) in any bankruptcy, insolvency, conservatorship, receivership, or liquidation proceeding; (3) when the assets that are the subject of the action or that would satisfy the judgment are subject to flight, dissipation, or destruction; (4) when the defendant is subject to flight; (5) when, as determined by litigation counsel, exigent circumstances make providing such notice impracticable or such notice would otherwise defeat the purpose of the litigation, such as in actions seeking temporary restraining orders or preliminary injunctive relief; or (6) in those limited classes of cases where the Attorney General determines that providing such notice would defeat the purpose of the litigation. ©) Additional Guidance as to Scope. The Attorney General shall have the authority to issue further guidance as to the scope of this order, except section 3, consistent with the purposes of this order. Sec. 9. Conflicts with Other Rules. Nothing in this order shall be construed to require litigation counsel or any agency to act in a manner contrary to the Federal Rules of Civil Procedure (28 App. U.S.C.), Tax Court Rules of Practice and Procedure (26 App. U.S.C.), State or Federal law, other applicable rules of practice or procedure, or court order. Sec. 10. Privileged Information. Nothing in this order shall compel or authorize the disclosure of privileged information, sensitive law enforcement information, information affecting national security, or information the disclosure of which is prohibited by law. Sec. 11. Effective Date. This order shall become effective 90 days after the date of signature. This order shall not apply to litigation commenced prior to the effective date. Sec. 12. Revocation.

> Executive Order No. 12778 is hereby revoked. William J. Clinton. SECTION REFERRED TO IN OTHER SECTIONS This section is referred to in title 7 section 943; title 12 section 4243; title 19 section 1920; title 31 section 3718; title 38 sections 3730, 5316; title 42 section 8412.
> **(Highlighted for Emphasis)**

Pursuant to Title 5 U.S.C. § 105, the term **"agency"** is strictly defined as the **Executive Branch** of the United States Government, and **does not include** the judicial branch of the United States Government.

Hence, the Office of the United States Attorney had not legal authority to appear and represent Defendant Murphy and Thrash, and therefore such legal representation constitutes a conflict of interest and a violation of their oaths of office.

## III. The Ongoing Corruption by Murphy and Thrash

Plaintiff, in light of the Court's Order, requests that the Honorable Court take into consideration and render its judicial determination of the appropriate manner and protections that Plaintiff has from the ongoing and continuing corruption of Defendant Murphy and Thrash. Plaintiff addresses the same.

### A. Murphy's Continuing Conduct

Plaintiff moved to recuse Judge Murphy, which she refused to grant and Judge Thrash, once again, threw the Plaintiff's appeal, notwithstanding the fact that Plaintiff had filed a recusal motion, which was granted by Defendant Thrash, but only after he entered further judicial rulings in that applicable case.

Hence, each time that Defendant Murphy tenders a further order or judgment which aids and abets her ongoing judicial corruption in Plaintiff's pending bankruptcy case.

The question Plaintiff poses for the Honorable Court to answer, when and how does a litigant stop on going judicial corruption, when the first level of appeal likewise throws the case to cover the original corruption. Hence, why Plaintiff is not entitled to equitable relief against the ongoing and continuing corruption. [1]

### B. Thrash's Continuing Corruption

While Defendant Thrash has recused himself in one of Plaintiff's appeal, but only after he rendered two further judicial determination, Defendant Thrash continues to accept and rule on Plaintiff's appeals from the corrupt determinations entered by Defendant Murphy.

Plaintiff advances the legal question that if Defendant Thrash found grounds for recusal in one case in which Plaintiff appealed the corrupt legal determinations of Defendant Murphy, why then would his recusal not be applicable to those other and continuing cases since he has already determined a conflict, upon whatever grounds

---

1. Forcing Plaintiff to appeal each corrupt act and action is a waste of both Plaintiff's and the Eleven Circuit Court of Appeals time, financial resources and efforts, which should have been stopped by the grant of equitable relief by the district court.

that he granted the same under.

Plaintiff moves for the Honorable Court to state the Plaintiff's lack of "prerequisites" which the Honorable Court had determined that the Plaintiff's claims against Murphy and Thrash are lacking in order to be granted declaratory and injunctive relief, as stated in the Court's second footnote. Plaintiff moves how the Court came to the legal determination that Plaintiff cannot show "that there is a serious risk of continuing irreparable injury" by Defendant Murphy and Thrash's continuing judicial corruption and how that the same does not fall within those guidelines and/or continuing risk of same not continuing to occur?

## IV.  Legal Representation of Murphy and Thrash

The Honorable Court has declared that Defendants Duffey and Wilson have the same immunity as Murphy and Thrash. The Honorable Court, upon page 11., of its brief has declared that Duffey and Wilson are "government advocates" and "should not face the threat of liability for fulfillment of their duties.

Plaintiff advances for the Court's consideration, since when is it the duty of the United States Government, executive branch to assist and aid and abet judicial corruption upon the part of said judicial defendants? Is it the Court's position that the Executive Branch of the United States Government, via the Office of the United States Attorneys, is not in violation of their oath of office when they defend judicial

members when the same are accused of judicial corruption? While the Honorable Court cited 28 U.S.C. § 2679©), as authorizing such legal representation, erroneously inserting "including judges," review of 28 U.S.C. § 2679(d), states the requirement that the defendant employee "was acting within the scope of his employment at the time of the incident out of which the suite arose" clearly limits the totality of the Court's application in behalf of Judge Murphy and Thrash. **Since when** is "judicial corruption" "**within the scope of their employment**"?

What adds to the further add insult to injury, the Honorable Court, while inculcating 28 U.S.C. § 2679©), as a legal shield to protect the Defendants has wilfully and obviously overlooked, . . . or did not read, 28 U.S.C. § 2680(h), which states in pertinent part that "[T]he provisions of this chapter and section 1346(b) of this title **shall not apply to** — "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, **abuse of process**, libel, slander, misrepresentation, **deceit, or interference with contract rights**." [2] Is not judicial corruption not abuse of process?

---

2. Since the Plaintiff paid the filing fees, as required by the United States Bankruptcy Court, then there is a contractual relationship between the Plaintiff and the United States Bankruptcy Court. Likewise, when Plaintiff paid the appeal fees to the United States District Court for the appeals from the corrupt decisions rendered by Defendant Murphy, then there is a contractual agreement between the Plaintiff and the United States District Court for honest services, versus the corruption that has occurred on both federal plains.

10

Hence, the Court's reliance upon 28 U.S.C. § 2679©), in light of 28 U.S.C. § 2679(d), is wilfully misplaced. Since when is corruption defined as being within the scope of a legal duty by a government employee, whether it be federal judges or federal attorneys? Plaintiff would request how the Honorable Court can make the determination that legal representation of crooked federal judicial officials does not violate their oath of office, the aforementioned statutes nor the constitution and under what imagination that the Court can conceive such an occurrence to be valid. If the instant federal attorneys are not required to uphold the laws and the United States Constitution, please state what part of the laws and the United States Constitution condones judicial corruption as being legal and lawful and should be sanctioned by those government officials who are sworn to defend against such corruption and illegal acts and actions.

Wherefore, Plaintiff respectfully requests that the Honorable Court to sweep aside the legal garbage used to create the Court's earlier decision and address the specific points of Plaintiff's motion for review and reconsideration so that when Plaintiff takes the instant case to the Eleventh Circuit, that this Plaintiff will not have to sift through the legal garbage initially used and then have to address the truth and reality of this Court's judgment used to cover for the Defendants. The long and short of the Court's Order is that it is inherently flawed, and while Plaintiff realizes that the

Court's brothers and sisters of the cloth would not be happy if this Court allowed Plaintiff's complaint against them to go forward. Isn't this Court taking the same legal position that the German judiciary did when they allowed Hitler and his government to murder millions of innocent people while the Courts granted Hitler and his minions immunity from legal challenges and efforts to stop his corruption? Is the term "justice" merely the government's corrupt mask for "just-us." When one realizes that a citizen can sue the President of the United States in his official and personal capacity, yet this nation's federal judges are immune from any liability . . . and the judges *themselves* have instituted this policy they enforce it with the government's blessing via its brothers and sisters of the legal cloth in the executive branch. [3]

Respectfully submitted,

*Jeffrey Bryan*
Debtor, In Propria Persona
Post Office Box 13287
Atlanta, GA 30324

---

3. Plaintiff has become aware of the Honorable Jack Camp, who will rule against the government when they are dishonest and corrupt in their criminal prosecutions, as per the example of the Southern Lights case.

## Certificate of Service

I hereby certify that I have this day served a true and accurate copy of the foregoing pleading upon all parties of record by delivering a copy of the same to the undersigned party at the office of said party this 2nd day of January, 2003, 2002, addressed to:

Lisa D. Cooper
Assistant U.S. Attorney
Richard B. Russell Bldg., Suite 600
75 Spring Street, S.W.
Atlanta, GA 30303

Jeffrey Bryan
Debtor, In Propria Persona
Post Office Box 13287
Atlanta, GA 30324